GEE (UNITED STATES v.).    See Case No. 15,196.

---

## Case No. 5,295.

### GEEKIE v. KIRBY CARPENTER CO.

[11 Chi. Leg. News, 400; 9 Reporter, 37.[1]]

Circuit Court, E. D. Wisconsin.    April, 1879.[2]

TAX DEED—ACKNOWLEDGMENT—RECITALS—VA-
LIDITY OF SALE.

1. In determining whether an acknowledgment of a deed is sufficient, it is competent for the court to consider the various parts of the body of the deed in connection with the acknowledgment, in order to ascertain whether the grantor of the deed did acknowledge it to be his before the proper· officer.

[See note at end of case.]

2. It was objected that the deed offered in evidence did not recite the sum of dollars and cents in the whole of taxes for the non-payment of which the land was sold. Held, that the language of the statute is not that the deed shall be precisely in the form given in it, but only that it shall be substantially so, and a deed which recited various certificates, giving at the end of each certificate a description of the land sold, and the words "sold for two dollars and forty-three cents," is a sufficient compliance with the statute. In construing that clause of the statute the whole deed may be taken together.

[See note at end of case.]

3. Where it appears that there was included in the amount for which the land was sold a sum which was not a tax, the sale is void. So where there was added to the tax assessed against the land the sum of five cents, the price of the stamp for the certificate which was to be given by the officer, held, that as this sum, in addition to the taxes due, was added, the officer had no right to sell, and the deed under such sale was void.

[See note at end of case.]

4. The fact that the deed in this case has run unchallenged for three years after being recorded, that being the time limited by statute, in which the owner of lands may bring his action to contest the deed, will not bring this case within the statute of limitation. The true construction of this statutory limitation is to give it application in cases where there have been irregularities or defects in the sale, but not to cases like the present, where it appears that there existed no authority in the officer to sell in the first instance.

[At law. Suit by Peter W. Geekie, sheriff of Oconto county, Wis., against the Kirby Carpenter Company.]

Tracy & Hastings, for plaintiff.
Dixon & Brown, for defendant.

Before DRUMMOND, Circuit Judge, and DYER, District Judge.

---

[1] [9 Reporter, 37, contains only a partial report.]

[2] [Reversed in 106 U. S. 379, 1 Sup. Ct. 315.]

DRUMMOND, Circuit Judge. This was an action to recover damages for the conversion of some saw-logs, and the facts were submitted to a jury, and a motion is made by both parties for judgment on the verdict of the jury, it being in the nature of a special verdict. And the controversy turns exclusively upon the ownership of the lands upon which the saw-logs were cut. If a tax deed which was offered in evidence is valid, then the judgment must be for the plaintiff; if invalid, the judgment will be for the defendant. There were three objections taken to the tax deed. The first was that the land was sold for .that which was not a tax, and for which, consequently, the officer had no authority to make the sale. The second objection was because the deed did not recite the sum of dollars and cents, in the whole, of taxes for the nonpayment of which the land was sold. The third objection was because the deed was not properly acknowledged by the officer executing the same, so as to authorize the deed to be recorded in the office of the register of deeds.

We will reverse the order of the objections and take up the last first. Was this deed properly acknowledged? We think it was. We have to take the deed altogether. It may be that the acknowledgment, taken by itself, and independently of other parts of the deed, is objectionable; but we have to connect the acknowledgment with the rest of the deed, and see whether the law as to the acknowledgment has been substantially complied with; whether, in other words, it appears from the deed and acknowledgment, taken altogether, that the grantor of the deed did acknowledge it before an officer, as required by the statute. This purports to be the deed of Bernard G. Grunert, clerk of the county board of supervisors of Oconto county, in this state. It is in that way he signs the deed. And the testimonial part of the deed is as follows: "In testimony whereof, I, Bernard G. Grunert, the clerk of the county board of supervisors of the county of Oconto, have executed this deed, pursuant to. and in virtue of the authority in me vested by the statute of the state of Wisconsin, and for, and on behalf of the said state, and of the county of Oconto aforesaid." Now when we couple that "testimony" contained in the body of the deed with the signature of the deed, and the acknowledgment, it is an irresistible inference, I think, that the deed was acknowledged by the person who executed it, and who purported to sign it, and it is an admission and acknowledgment on his part that he did execute the deed. The language of the acknowledgment is: "Be it remembered on this 27th day of April, A. D. 1867, on behalf of Oconto county and the state of Wisconsin, personally came before me, Bernard G. Grunert," (he came before the officer taking the acknowledgment

personally), clerk of the county board of supervisors, to me known to be the person so described in the foregoing instrument, and acknowledged that the same was executed freely and voluntarily, for the uses and purposes therein mentioned." He does not say, "and acknowledged that he executed the deed;" but no other inference can be drawn from the deed and acknowledgment, taken together, than that he who appears to have executed, and who stated in the body of the deed that he did execute it, acknowledged it before the officer. And we think that it is competent for the court to take the various parts of the body of the deed in connection with the acknowledgment, in order to ascertain whether the grantor of the deed did acknowledge it to be his, before the proper officer. We think that clearly appears, so that objection will be overruled.

Another objection is that the deed does not recite the sum of dollars and cents in the whole of taxes, for the non-payment of which the land was sold. A form of the deed required is contained in the 166th section of the first volume of Taylor's Statutes, p. 437. One form in the clause of the deed there given, is, that the land was sold for the non-payment of taxes, by the proper officer "at public auction, at ——, in the county of ——, on the —— day of ——, in the year of our Lord, 18—, to the said —— for the sum of —— dollars and —— cents, in the whole." And the objection is, that it does not state that the land which was sold here, was for the amount named in the whole. This deed names various certificates of different tracts of land, and the certificates are numbered, and a description of the land is given opposite each number, and at the end of the certificate in each case, and of the description of land, are these words: "Sold for two dollars and forty-eight cents." "Sold for two dollars and forty-three cents." "Sold for two dollars and forty-three cents." "Sold for two dollars and forty-three cents." "Sold for two dollars and forty-three cents."

There being five certificates, and five different tracts of land sold, included in the deed. After giving the number of the certificates, and the description of the land, and stating for what amount each tract was sold, the deed proceeds as follows: "For the non-payment of taxes sold by R. L. Hall, treasurer of said county, at public auction. at the village of Oconto, in the county of Oconto, on the 12th day of May, in the year of our Lord 1863, to the said Oconto county, and by its treasurer assigned to S. A. Coleman for the sum of $12.20 in the whole." But does it not clearly enough appear, for what sum in dollars and cents the land was sold in the whole, as required by the statute? It is to be recollected that the language of the statute is not that the deed shall be precisely as the form given in it. but only that it shall be substantially, "in the following or equivalent form," clearly

giving some degree of latitude to the form of the deed named in the statute. It was said in the argument, and we have no disposition to controvert the rule mentioned, that it has been decided by the supreme court of the state that a deed must contain every statement named in the statute. And does not this deed contain the statement of the amount in dollars and cents for which the land was sold? We think it does. It was objected that the court could not add up the amounts for which these various tracts of land were sold, and ascertain from that what was the sum in dollars and cents in the whole for which it was sold. Conceding that to be true, and that the deed must itself state for what sum in dollars and cents, in the whole the land was sold, we think it does appear for what sum in the whole it was sold, for we can take the whole deed together in order to construe that clause, and determine whether or not it does state for what amount of dollars and cents it was sold in the whole. It was argued that there was an ambiguity in consequence of the word "assigned," used here: "Sold by R. L. Hall, for the non-payment of taxes, in the year of our Lord 1863, to said Oconto county, and by its treasurer assigned to S. A. Coleman for the sum of $12.20 in the whole." It is said it may have been that the sale and the assignment both together were for $12.20 in the whole. But is that a natural and fair construction of the deed taking it altogether? We think not; we think, coupling this statement with what precedes in the beginning of the deed, where the amount for which each tract was sold is stated, that it is, as in the case of the acknowledgment, an irresistible inference that this was the amount for which the land was sold in the whole, for the non-payment of taxes, and it includes no part of any consideration given for the assignment if any was given. That objection is also overruled. We have stated our views upon these questions, because it seemed to be the desire of the counsel we should do so, as it was said there was a large number of deeds given which were in this form, both as to acknowledgment and otherwise.

The other objection is that the land was sold for that which was not a tax. This objection we sustain (I must say with a good deal of hesitation on my own part). The facts in relation to that objection are these: There was a certain amount assessed against each tract of land for the tax due upon it, less than the amount for which it was sold. It was a small sum added (only five cents), but it clearly appears that under no circumstances could this sum be added under any law of the state, to the taxes, and included within the amount for which the land was sold. And we hold that circumstance rendered the sale void, as there was included in the amount, something for which the officer had not the right to sell the land. It is true, each tract was sold for the non-payment of the taxes, but for something more than the amount due for taxes: Namely,

the price of the stamp for the certificate that was to be given, which the officers thought they had a right to include as a part of the expense of the sale, but which it is clear, and so admitted on the argument, they had not the right to do. It was not controverted, but that if this deed had not been recorded for three years, that the owner of the land would have had the right by any proper proceeding to render it inoperative. But it was claimed as the deed had been recorded more than three years, that under the statute of limitations, it had run the full time required, and it was not competent for the owner of the land to contest the validity of the deed after that time. The statute is the 173d section, 1 Tayl. St. p. 144: "No action shall be commenced by the former owner, or owners of land, or by any person claiming under him or them to recover possession of land which has been sold and conveyed for the non-payment of taxes, or to avoid such deed, unless such action shall be commenced within three years next after the recording of such deed."

Section 174: "The limitation for bringing actions prescribed in the last preceding section, shall not apply to any person who shall be a minor at the time the right of such action shall accrue, but such minor may bring such action or actions after the time limited, at any time during his minority, and within one year thereafter, nor shall such limitation apply where the taxes for the non-payment of which, the land was sold and the tax deed executed, were paid prior to the sale, or where the land was redeemed from the operation of such sale, as provided by law, nor where the land was not liable to taxation."

This case does not come, literally, perhaps, within the meaning of the 174th section, for it is not such a case in all respects, as is there specially indicated. But still, we think it is within the spirit of the section. It is to be observed that this is not a limitation which ripens into a perfect title growing out of the possession of land held adversely by the person who has the tax title; but this is a title which may be acquired to vacant and unoccupied land, as was the case here; and it is a case, therefore, of acquisition of title, if at all, against the true owner by a tax deed, which has been recorded for three years where the proceedings have not been instituted by the owner of the land to destroy it or impair its effect. And it seems as though there ought to more rigour exercised in the construction of the statute where a party acquires title, or seeks to acquire title in this way, than in case of the possession, and cultivation and improvement of the land. But I believe, that the supreme court of this state has held that if the tax deed is a valid deed, and has run unchallenged for three years after being recorded, it vests in the holder a good title, and divests the real owner of his title. I think that is the effect of the construction given to the statute by

the supreme court. But the supreme court has also held that a tax deed void on its face, does not divest the owner of his title to the land, although it has been recorded more than three years. And the courts have also held, as I understand, that if it appears that the officer had no authority to sell the land, that the sale and deed are void. And the court in several cases, one of which may be referred to,—Kimball v. Ballard, 19 Wis. 601, where the county treasurer had added to the taxes 5 per cent. upon the amount without any authority so to do,—decided that the sale was absolutely void. And it seemed to distinguish, which courts do not always do, between the terms "void" and "voidable." Sometimes the word "void" is used when the word "voidable" is meant. But in this case the attention of the court was drawn to the distinction between the two terms "void" and "voidable." In principle, that case is like this, although it was not a question that arose after the tax deed had been made and recorded three years. The language of the court is, and various authorities are cited to sustain it, that it rendered the sale "absolutely void." That is, there was a want of power in the officer to sell the land for the non-payment of the tax.

Perhaps I ought to advert to what is often considered as having an important bearing upon the question arising in this part of the case, viz. the right of the owner to redeem the land from the sale. In all cases where there has been that included which under no circumstances the officer had the right to include, of course the land cannot be redeemed from sale, unless the whole amount for which the land is sold is paid, and here there would be necessarily an exaction from the owner of an illegal sum, although the amount was small. The main difficulty in the case consists in what is the true distinction and its effect between a case where application is made by the owner, within three years after the record of the deed, to relieve the land from the deed, and where the deed has been recorded the whole term of three years. and nothing done. Undoubtedly there are many cases where the statute closes all proceedings on the part of the real owner. If there has been a mere irregularity in the sale, or an act done unauthorized, if you choose, on the part of the officer, an act not going to the foundation of the right to sell, the lapse of time forecloses the owner, and he is precluded from any action to avoid the deed; but where there is a want of power on the part of the officer, where there is included in the amount of the sale that for which the land could not be sold, and which is entirely unauthorized, we can say, although there is included a tax, there is also an element in the case which deprives the officer of the power to sell. The case of Oconto Co. v. Jerrard [46 Wis. 317, 50 N. W. 591] was commented and relied on by the counsel for both parties. It does not very clearly appear what were the errors or defects in the sale in that case. The court states that there could be no question that the respondent impeached the tax proceedings which culminated in the deed under which the appellants claimed, so as to bring it within the rule of Marsh v. Supervisors, 42 Wis. 502, and other cases; that there could be no question that the respondent might have enjoined the execution of the deed, or have successfully impeached it in any action involving validity, before the statute had run upon it, but the court said, in that case the statute had run, and whatever the defects were, they were of a character to foreclose the party from objecting to the deed, after a lapse of three years from the time of the recording. The court cites various cases, and among others, the opinion of the chief justice in the case of Knox v. Cleveland, 13 Wis. 245, from which he infers that there must be, in such a case, a want of authority ab initio of the taxing officer, to put the taxing power in motion. And this language is quoted from the opinion in 13 Wis.: "The general authority of the taxing officer, and the liability of the land to taxation being conceded, all other questions are at an end. If either of them were wanting, another question would be presented. It might then be urged that there was a defect of jurisdiction; and that the sale was altogether unauthorized and void, and passed no title, nor color of title, and furnished nothing upon which the statutory bar could operate."

We have to hold, in order to bring this case within that rule, that there was something in this which deprived the officer of the power to sell the land. This we do. It is true this amount was small, but the principle is the same, whether the amount was small or large. Five cents only were included in this case, but if it had been five dollars, or fifty or five hundred, the principle would be the same, so far as we can see. As I have stated, we think that under the decisions of the supreme court, admitting as I do, that the question is not free from difficulty, the sale was unauthorized and void, and consequently the tax deed given under it was also void, and the holder of the tax deed could obtain no title to the land under it. Therefore the defendant is entitled to judgment.

[NOTE. On writ of error, this cause was afterwards heard by the supreme court, and the judgment reversed, with costs. The case was remanded to the circuit court, with directions to enter a judgment for the plaintiffs for $6,731.56, with lawful interest on $6,241.42 from April 24, 1876.

[The opinion was by Mr. Justice Blatchford, the learned justice also preparing the following syllabus of the decision:

[1. Under section 5 of chapter 138 of the General Laws of Wisconsin of 1861, providing that "no action shall be commenced by the former owner or owners of any lands, or by any person claiming under him or them, to recover possession of land which has been sold and conveyed by deed for nonpayment of taxes, or to

avoid such deed, unless such action shall be commenced within three years next after the recording of such deed," land is to be regarded as having been sold for nonpayment of taxes although the sum to raise which it was sold included five cents for a United States revenue stamp, to be put, and which was put, on the certificate issued to the purchaser on the sale.

[2. A deed on a tax sale recited that "S. A. Coleman, assignee of Oconto county," had deposited certificates of sale showing that five parcels, each of which sold for so much, were sold "to the said Oconto county, and by its treasurer assigned to S. A. Coleman," for so much "in the whole"; the total being the sum of the five several sums. The statute (chapter 50, § 22, Gen. Laws Wis. 1859) prescribed a form of deed, and provided that it should be "substantially" in that or "other equivalent form," showing that the land was sold for a sum named "in the whole." Held, that the deed followed the form substantially.

[3. A sheriff having possession of property under a writ of attachment is not bound by a judgment in a replevin suit to which he was not a party, and in which he was not served with process, and did not appear, and which he did not defend, although his under sheriff, as an individual, was a party to the replevin suit.

[4. Quaere, are the waters of the Menominee river, which is the boundary between Michigan and Wisconsin, within the concurrent jurisdiction of both Wisconsin and Michigan?

[5. Although there was no general verdict of a jury in this case, and no special verdict in any form known to the common law, and no waiver in writing of a jury trial, and no such finding of the court below upon the facts as is provided for by section 649 of the Revised Statutes, this court, on a written stipulation filed in this court by the parties, agreeing upon the facts, reviewed the case on a writ of error, and reversed a judgment below for the defendant, and directed a judgment for the plaintiff, in an action of trover. 106 U. S. 379, 1 Sup. Ct. 315.]